# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3298
_____

United States of America

*Plaintiff - Appellee*

v.

Curtis Joel Grandon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 10, 2013
Filed:  May 17, 2013

_____

Before RILEY, Chief Judge, BYE and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

    On June 1, 2012, Curtis Joel Grandon pled guilty to (1) possession of firearms by an unlawful user of controlled substances, in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2), and 2; and (2) possession of stolen firearms, in violation of 18 U.S.C.

§§ 922(j), 924(a)(2), and 2. On September 12, 2012, the district court[1] sentenced Grandon to 132 months imprisonment based on either an upward departure pursuant to United States Sentencing Guidelines (Guidelines or U.S.S.G.) § 4A1.3 or, in the alternative, a variance based on the 18 U.S.C. § 3553(a) factors. Grandon appeals his sentence, and we affirm.

## I.    BACKGROUND

On June 20, 2010, Grandon and three other men burglarized a home in Marion, Iowa, stealing at least seventeen firearms. The men accessed the home by entering a security code for the garage door, which Grandon knew because he formerly was friends with one of the children who lived at the home. Grandon had been in the home several times and knew where the guns were stored. After the burglary, Grandon and the other men went to a garage where they cut the trigger locks off the stolen firearms, smoked marijuana, and divided the firearms among them.

On June 1, 2012, Grandon pled guilty to (1) possession of a firearm by an unlawful user of controlled substances, and (2) possession of stolen firearms. At the sentencing hearing on September 12, 2012, Grandon admitted he unlawfully used a prescription narcotic (apparently oxycodone) while in jail awaiting trial on the present charges.

Also at the sentencing hearing, Sergeant Lance Miller of the Marion, Iowa, Police Department testified about information three men gave him concerning Grandon's involvement in the shooting of Jagarius Bell. According to Sergeant Miller, Angelo Snyder, one of Grandon's cellmates, said Grandon admitted shooting a man named Jagarius (or Javarius) Bell in the hand using a .38 caliber handgun while Bell was in a green Suburban. Snyder said Grandon claimed he was with Dunte Blair

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

at the time of the shooting, and he shot Bell from the porch of Blair's residence. Snyder also reported Grandon was concerned a co-defendant, Sakariya Muhidin, would tell the government Grandon shot Bell. Another cellmate, Daniel Ratjora, reported similar information, including Grandon was worried law enforcement would discover Grandon's .38 caliber handgun and link the firearm to the shooting of Bell, who Grandon indicated was a black man. Muhidin volunteered at his arrest that (1) Grandon was involved in shooting Bell in the hand using a handgun; (2) Grandon had been with Blair on Blair's porch at the time of the shooting; and (3) Bell was in a Suburban when he was shot.

Sergeant Miller investigated further and testified Cedar Rapids, Iowa, Police Department reports indicated an African-American man named Jagarius Bell had been shot in the hand while he was in a green Suburban. According to Sergeant Miller, the fact Bell had been in "a Suburban was, to the best of [Sergeant Miller's] knowledge, never released to the media." Eyewitnesses reported Blair and a Caucasian male shot at Bell from Blair's porch. Grandon is a Caucasian male. The district court expressly credited Sergeant Miller's testimony.

The government asked the district court to increase Grandon's sentence pursuant to U.S.S.G. § 3C1.1 for obstruction of justice, in part because Grandon denied involvement in shooting Bell. The district court explained "there was not obstruction of justice that could be scored under the parameters of the advisory guidelines," but found Grandon still was an "untruthful [individual] who . . . only accepts or admits things when there's no other way out."

After calculating a total offense level of 27 and criminal history category III, the district court calculated an initial advisory Guidelines range of 87 to 108 months imprisonment. The government moved for an upward departure and an upward variance. The district court found, over Grandon's objection, there was "ample evidence to support an upward departure and/or upward variance. And I think I can

express it . . . under either section." The district court found Grandon "more like a criminal history category V or VI" under U.S.S.G. § 4A1.3(a) based on Grandon's under-represented criminal history and "extreme risk to recidivate." In the alternative, the district court varied upward to 132 months imprisonment based on Grandon's "history and characteristics . . . , the nature and circumstances of the offense, his dangerousness to the community, [and] the need for punishment and deterrence." The district court then sentenced Grandon to 132 months imprisonment. Grandon appeals his sentence.

## II. DISCUSSION

Grandon argues the district court erred in (1) departing upward based on under-represented criminal history, and (2) alternatively varying upward.

"We review sentences under a deferential abuse of discretion standard, reviewing the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Spotted Elk, 632 F.3d 455, 458 (8th Cir. 2011). We "must first ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). "If the district court did not procedurally err, we 'then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" United States v. Franklin, 695 F.3d 753, 756-57 (8th Cir. 2012) (quoting Gall, 552 U.S. at 51).

### A. Variance

The district court based the variance on the sentencing factors contained in 18 U.S.C. § 3553(a), explaining a 132-month sentence was "sufficient but not greater than necessary to achieve the goals of sentencing." Specifically, the district court considered the "nature and circumstances of the offense," id. § 3553(a)(1), inferring from Grandon's use of a friendship and knowledge of the friend's home security entry code "that [Grandon] was the mastermind of this burglary and the theft of these firearms." The district court also discussed Grandon's "history and characteristics,"

id., finding by a preponderance of the evidence that Grandon had engaged in the uncharged criminal conduct of illegally possessing a narcotic while in jail and of shooting Bell. In addition, the district court considered the need for Grandon's sentence "to reflect the seriousness of [his] offense" and "promote respect for the law," pointing to "the foreseeable consequences of this very serious crime" and its belief Grandon had not been truthful about his involvement in shooting Bell. See id. § 3553(a)(2)(A). Finally, the district court determined the variance was appropriate because Grandon was "an obvious danger to the community . . . and . . . at high risk to recidivate." See id. § 3553(a)(2)(C).

Grandon claims the variance was error because it was (1) based in part on the district court's finding that Grandon shot Bell, which Grandon claims "was not supported by reliable evidence"; and (2) "largely based on the same grounds as the upward departure," which Grandon asserts was improper. Grandon's first argument amounts to a claim of procedural error. See Gall, 552 U.S. at 51 (explaining procedural error includes "selecting a sentence based on clearly erroneous facts"). Grandon's second assignment of error involves the substantive reasonableness of the variance. See United States v. Richart, 662 F.3d 1037, 1051 (8th Cir. 2011) ("'A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but . . . commits a clear error of judgment.'" (quoting United States v. Saddler, 538 F.3d 879, 890 (8th Cir. 2008))). We consider each in turn.

### 1. Procedural Error

Despite the district court's thorough and careful consideration of the § 3553(a) sentencing factors, Grandon claims the district court erred in basing the variance in part on its finding that Grandon shot Bell, a finding Grandon claims "was not supported by reliable evidence."

"At sentencing, a district court 'may consider relevant information,'" including hearsay testimony, "'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" United States v. Woods, 596 F.3d 445, 447-48 (8th Cir. 2010) (quoting U.S.S.G. § 6A1.3(a)). "[W]hether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case, and is committed to the sound discretion of the district court." United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993) (internal citation omitted).

Grandon proposes the district court erred because it "utterly ignored Sergeant Miller's opinion that . . . Grandon claims to be involved in things he was not involved in to make himself sound more impressive," and "[a]ll of the evidence directly connecting . . . Grandon to" Bell's shooting "were alleged statements by" the three men that Grandon "bragged to them about shooting" Bell. Grandon asserts "[t]he only objective evidence introduced at sentencing were the photographs," and "nothing about those photographs . . . connects . . . Grandon to the shooting." Grandon is incorrect in this regard.

According to Sergeant Miller, whom the district court expressly found credible, Grandon told three people similar stories about how he had been involved in shooting Bell. The statements from the three men were consistent with each other and with the other evidence. Even if Grandon were prone to bragging, the police reports showed Grandon knew Bell's name, the location of Bell's injury, the model and color of the vehicle in which Bell was riding when he was shot, and the fact the shots were fired from Blair's porch. According to Sergeant Miller, the fact Bell had been in "a Suburban was, to the best of [Sergeant Miller's] knowledge, never released to the media." Grandon also is the same gender and race as one of the shooters eyewitnesses identified. This corroboration suggests the hearsay testimony about Grandon's involvement in shooting Bell was reliable. See id.

Grandon claims "the [d]istrict [c]ourt implicitly found" the government did not prove Grandon shot Bell because it did not adjust Grandon's sentence for obstruction of justice even though Grandon denied involvement in the shooting. Though the district court's reasons for not adjusting Grandon's sentence for obstructing justice are not clear, the district court did not make the implicit finding Grandon suggests. To the contrary, the district court explained even though it determined "there was not obstruction of justice that could be scored under the parameters of the advisory guidelines," it still found Grandon was "untruthful" and "only accepts or admits things when there's no other way out." The district court did not clearly err in finding, "by a preponderance of the evidence," Grandon was involved in the shooting of Bell.

### 2. Substantive Reasonableness

Grandon also contends the district court erred in varying upward because the variance was "largely based on the same grounds as the upward departure," which Grandon maintains was improper. The district court evaluated the variance on a complete consideration of the § 3553(a) factors. It did not "fail[] to consider a relevant factor that should have received significant weight; give[] significant weight to an improper or irrelevant factor; or consider[] only the appropriate factors but . . . commit[] a clear error of judgment." Richart, 662 F.3d at 1051 (quoting Saddler, 538 F.3d at 890). It is irrelevant that some of the same factors influenced both the departure and the variance, which were alternative grounds for the same sentence. The district court did not abuse its discretion in varying upward to 132 months imprisonment.

### B. Departure

Grandon also asserts the district court erred in departing upward under U.S.S.G. § 4A1.3. The district court explained the departure and the variance were alternative, rather than cumulative, bases for Grandon's sentence. Because we conclude the district court did not abuse its substantial discretion in varying upward

to 132 months imprisonment, any error in alternatively imposing an upward departure would be harmless because "the district court would have imposed the same sentence absent the error." United States v. Idriss, 436 F.3d 946, 951 (8th Cir. 2006).

## III.  CONCLUSION

Because the district court did not abuse its discretion in varying upward to a sentence of 132 months imprisonment, we affirm Grandon's sentence.

_____