# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2134

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Griffin-Cooke

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 9, 2015
Filed: February 13, 2015
[Unpublished]

_____

Before BYE, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joseph Griffin-Cooke pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals

his 120-month sentence—the statutory maximum—arguing that the district court[1] erred in departing upward and imposing an unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Griffin-Cooke does not dispute a total offense level of 23 and a criminal history category of VI, producing a Guidelines range of 92 to 115 months. The district court granted the government's motion for an upward departure under U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), ruling that criminal history category VI substantially under-represented the seriousness of Griffin-Cooke's criminal history and his likelihood of committing other crimes. The district court explicitly said that it would vary upward to the same sentence, if an upward departure were held erroneous on appeal.

Griffin-Cooke argues that, considering the sentence as a variance, the district court committed procedural errors by not adequately explaining its sentence and failing to consider the factors in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007). To the contrary, the court explained its sentence at length (as summarized below). The court also stated that it considered each and every § 3553(a) factor, quoted each of them, and discussed several in detail. A district court need not "mechanically recite" the § 3553(a) factors, or make "robotic incantations" about each statutory factor. *United States v. Blackmon*, 662 F.3d 981, 988 (8th Cir. 2011).

Attacking the reasonableness of his sentence, Griffin-Cooke primarily relies on cases predating the Supreme Court's decision in *Gall*, 552 U.S. at 41, and this court's decision in *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The standard of review for substantive reasonableness is a "deferential abuse-of-discretion" standard. *Gall*, 552 U.S. at 41. A district court "abuses its discretion

---

[1]The Honorable Linda R. Reade, Chief Judge of the United States District Court for the Northern District of Iowa.

when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461. This court will reverse a district court's sentence as substantively unreasonable—"'whether within, above, or below the applicable Guidelines range'"—only in the "'unusual case.'" *Id.* at 464 (*quoting United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

The district court expressly considered the § 3553(a) factors. In terms of the nature and circumstances of the offense, the court noted that while carrying a loaded stolen pistol next to eight baggies of marijuana, Griffin-Cooke fought with the arresting officers, injuring one of them—part of a lifelong pattern.[2] The district court found that Griffin-Cooke's history and characteristics showed a likelihood of violent future crimes. The court noted his history of being noncompliant under correctional supervision, the number of unscored criminal convictions, and his multiple assault convictions (primarily against women). *See United States v. Jones*, 612 F.3d 1040, 1045-46 (8th Cir. 2010) (upward variance may be based on "criminal history not accounted for in [defendant's] criminal history category" and need "to protect the public"). The court acknowledged Griffin-Cooke's arguments that 10 of his 14 criminal history points were for driving offenses and that some of his convictions were for minor offenses, such as multiple trespasses. But the district court concluded that these offenses showed repeat criminal activity and "a person who has no respect for the law and thinks that he can do whatever he wants to do." It was within the

---

[2]In his supplemental reply brief, Griffin-Cooke objects, for the first time, to three alleged overstatements in the district court's lengthy sentencing comments. Issues not raised in a party's opening brief are waived. *United States v. Rice*, 699 F.3d 1043, 1050 (8th Cir. 2012). Moreover, any overstatements were not material to the sentence imposed. *See United States v. Woods*, 670 F.3d 883, 887 (8th Cir. 2012) (finding sentencing error harmless when sentencing court would have imposed same sentence regardless of the error).

district court's "wide discretion" and "substantial latitude" to determine the weight of each factor in sentencing Griffin-Cooke. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013). The district court did not abuse its discretion in sentencing Griffin-Cooke five months above the Guidelines range.

This court, finding the variance not substantively unreasonable, need not address Griffin-Cooke's objections to the upward departure. *See, e.g.*, *United States v. Grandon*, 714 F.3d 1093, 1098 (8th Cir. 2013) (holding harmless any error in departing upward, under U.S.S.G. § 4A1.3, where district court alternatively imposed reasonable sentence as an upward variance); *United States v. Timberlake*, 679 F.3d 1008, 1011-12 (8th Cir. 2012) (same).

* * * * * * *

The judgment is affirmed.

_____