# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-1296
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Morris Levy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: September 22, 2021
Filed: December 1, 2021
_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Robert Morris Levy pleaded guilty to mail fraud and involuntary manslaughter. The district court[1] varied upward and sentenced him to 240 months in prison and three years of supervised release. Levy appeals, arguing that the

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

district court erred in calculating the amount of loss and by departing upward for disruption of a governmental function, and that the sentence was procedurally and substantively unreasonable. We affirm.

## I.

Levy was the Chief of Pathology for the Veterans Health Care System of the Ozarks (VHSO) from 2005 until 2018. He was responsible for examining samples of tissue and fluids and making diagnoses. Beginning in 2014, Levy's coworkers reported that he seemed intoxicated at work. The Department of Veterans Affairs investigated, but could not confirm the reports.

In 2016, Levy came to work intoxicated again. He submitted to an alcohol test and his blood alcohol content was 0.39%.[2] The VHSO suspended his privileges and removed him from duty. Levy denied being intoxicated, but agreed to enter an inpatient alcohol treatment program. As a condition of returning to work, he signed a contract with the Mississippi State Board of Medical Licensure[3] promising to stay sober and submit to random drug and alcohol testing. Levy agreed that failing to follow these conditions would result in being fired and losing his medical license.

Levy returned to work and consistently passed his random alcohol and drug tests. But after he came to a staff meeting intoxicated, the VHSO sent him home and started a review of his patients. It found that Levy failed to follow proper procedure several times.

---

[2]As the PSR noted, this blood alcohol level typically results in "loss of consciousness or stupor, marked muscular incoordination, markedly decreased response to stimuli, and/or incontinence."

[3]Although the VHSO is in Arkansas, Levy practiced under his Mississippi medical license.

During the review, Levy was arrested for driving while intoxicated. Although the breathalyzer indicated that Levy was intoxicated, he denied using drugs or alcohol to officers. He repeated this denial to the VHSO while under oath, and again to the Criminal Investigation Division of the VA. He later admitted to using 2-methyl-2-butanol (2M2B) to mimic the effects of intoxication while avoiding detection on traditional drug and alcohol tests. The VHSO fired him in April 2018 and Mississippi revoked his medical license the next month.

Because of Levy's misconduct, the VHSO conducted a "lookback"—a review of Levy's pathology cases. The lookback included 33,902 cases and over 300,000 slides that needed to be re-assessed. It took over a year, requiring help from several other VA medical systems and outside medical systems, and cost the VHSO $2,103,060. It found 589 major discrepancies with potential for negative impact on patient treatment, including 13 cases where Levy may have contributed to the untimely deaths of veterans and 26 cases with harm warranting an acknowledgement of malpractice to the patients.

In 2019, a grand jury returned a 31-count Superseding Indictment against Levy. He pleaded guilty to one count of mail fraud and one count of involuntary manslaughter as part of a plea agreement. The initial Sentencing Guidelines range was 87–108 months in prison. The district court granted the Government's motion for an upward departure for disruption of a governmental function, increasing the range to 108–135 months in prison. The court then varied upward and sentenced him to 240 months in prison, followed by three years of supervised release. Levy appeals.

## II.

Levy argues that: (1) the court erred by including the cost of the lookback in the loss amount; (2) the court erred by granting an upward departure for disruption

of a governmental function; and (3) his sentence is procedurally and substantively unreasonable.

The district court found that the loss amount caused by Levy's crimes was over two million dollars, including the cost of the lookback, so it imposed a 16-level enhancement. U.S.S.G. § 2B1.1(b)(1)(I). Levy argues that the district court erred by including the cost of the lookback in the loss amount because it was a cost associated with his criminal investigation, which cannot be assessed. U.S.S.G. § 2B1.1 cmt. 3(D)(ii). We review the court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Luna*, 968 F.3d 922, 928 (8th Cir. 2020).

The question is whether the lookback was conducted for the benefit of the business, or for the benefit of the criminal investigation. *See United States v. DeRosier*, 501 F.3d 888, 895 (8th Cir. 2007). The district court found that the purpose of the lookback was to ensure that patients had a correct diagnosis, and that it would have been done regardless of whether there was a criminal investigation. After all, the lookback started almost a month before the criminal investigation. The fact that the results of the lookback were shared with law enforcement does not change that. *See id.* at 896 n.11. Because the VHSO ordered the lookback to benefit patients, rather than to help the criminal investigation, the district court did not err by including it in the loss amount calculation.

Next, Levy challenges the district court's upward departure for disruption of a governmental function. We review a district court's decision to depart upward from the Guidelines range for abuse of discretion. *United States v. Shillingstad*, 632 F.3d 1031, 1037 (8th Cir. 2011).

The Sentencing Guidelines provide for an upward departure if there was "a significant disruption of a governmental function." U.S.S.G. § 5K2.7. District

courts must consider "the nature and extent of the disruption" as well as "the importance of the governmental function affected." *Id.*

Levy argues that the PSR already accounted for the disruption by adding an enhancement for obstruction of justice. But Levy misreads the record. The PSR states that the obstruction of justice enhancement reflects the impediment to the investigation caused by Levy "repeatedly denying practicing medicine while impaired and by denying his use of 2M2B." It does not mention the disruption to the VHSO.

The district court added the enhancement for disruption of a governmental function to account for the effect the lookback had on the VHSO's resources. It was the largest review ever undertaken by the VA system and multiple VA medical centers were burdened by the extra work. So the two enhancements were properly applied and the district court did not abuse its discretion in granting an upward departure for disruption of a governmental function.

Finally, Levy argues that his sentence is both procedurally and substantively unreasonable. When reviewing for procedural error, "we review the district court's application of the guidelines *de novo* and its factual findings for clear error." *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range . . . failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *United States v. Azure*, 536 F.3d 922, 930 (8th Cir. 2008).

Levy argues the district court's sentence is procedurally unreasonable because it failed to explain its upward variance. We don't think so. Not only did the court discuss the § 3553(a) factors at length; it also denied the government's motion for upward departures on two other grounds because the court was aware of the overlap

between some grounds for upward departure and the § 3553(a) factors. The court stated that an upward variance was necessary to "protect the public from the defendant, to deter those who would contemplate committing similar crimes, and to provide justice to the victims," given Levy's "reckless disregard for his patients' lives." Both the sentencing hearing transcript and the Statement of Reasons reflect the court's careful consideration of the § 3553(a) factors and the circumstances in this case warranting an upward variance.

Next, we review the substantive reasonableness for abuse of discretion. *United States v. David*, 682 F.3d 1047, 1076 (8th Cir. 2012) (citation omitted). A sentence is substantively unreasonable if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." *United States v. Luscombe*, 950 F.3d 1021, 1031 (8th Cir. 2020). "When a district court varies from the guidelines range based upon its application of § 3553(a), we consider both whether the district court's decision to grant a variance is reasonable and whether the extent of the variance is reasonable." *United States v. Garnette*, 474 F.3d 1057, 1060 (8th Cir. 2007).

Levy argues that the sentence is substantively unreasonable because the § 3553(a) factors do not support the extent of the upward variance. Again, we disagree. The record shows that the court gave due consideration to both aggravating and mitigating factors. It considered Levy's alcoholism, lack of criminal history, acceptance of responsibility, cooperation with law enforcement, and genuine display of remorse as mitigating factors. But it found that the seriousness of the offenses warranted a large upward variance because Levy held a position of trust as a physician and "behaved in an arrogant, callous manner, even going so far as to falsify medical records so that it would appear that his colleagues agreed with his inaccurate diagnoses." *Id.* at 4. The court also noted that there were likely more victims of Levy's crimes, given the "sheer number of misdiagnosed veterans." *Id.* Because the record reflects the district court's thoughtful weighing of the appropriate factors

and the sentence reflects the seriousness of the offenses, the district court did not abuse its discretion by imposing a 105-month upward variance.

## III.

The judgment of the district court is affirmed.

_____