# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2902

_____

United States of America

*Plaintiff - Appellee*

v.

Sean S. McDaniels

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: September 20, 2021
Filed: December 8, 2021
[Published]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Sean McDaniels pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district

court[1] imposed a sentence of 96 months of imprisonment, followed by three years of supervised release.  McDaniels now appeals that sentence, and we affirm.

I.

On July 6, 2018, a Missouri State Highway Patrol officer initiated a traffic stop of McDaniels, who was driving a motorcycle, for brake light violations.  McDaniels pulled over into a convenience store parking lot, but then tried to flee and crashed his motorcycle.  At the time, several people were standing in front of the store, in McDaniels's path.  McDaniels fled on foot, discarding a backpack along the way.  The officer fell as he ran after McDaniels, but two citizens were able to stop McDaniels as he entered a trailer park across the street from the store.  The officer recovered the discarded backpack and detained McDaniels.

A search of the backpack revealed a Taurus Millennium, Model PT 140 Pro, .40 caliber handgun, loaded with seven rounds of ammunition.  After running a criminal records check, the officer arrested McDaniels for driving with a revoked license, resisting arrest, and unlawfully possessing a firearm.

McDaniels pleaded guilty to a one-count indictment charging him with possession of a firearm as a convicted felon.  The Presentence Investigation Report assessed a base offense level of 20, with a four-level enhancement for possessing a firearm in connection with another felony (resisting arrest) pursuant to United States Sentencing Guidelines § 2K2.1(b)(6)(B) (2018), a two-level enhancement for creating a substantial risk of bodily injury to another person in the course of fleeing from law enforcement pursuant to § 3C1.2, and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b).  With a total offense level of 23 and a

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

criminal history category of VI, his advisory Guidelines range was 92 to 115 months of imprisonment.

McDaniels requested a downward variance to 60 months based on his traumatic upbringing, including witnessing the murder of his father and his father's friend as a young child; his diagnoses of PTSD, manic depression, and anxiety; and the fact that the median sentence imposed for all types of firearms offenses where the individual had a criminal history category of VI was 72 months. McDaniels further argued that the four-level enhancement for possessing a firearm in connection with another felony offense was disproportionate to the nature of his conduct, as he neither used nor displayed the firearm when he resisted arrest. He did not contest that the enhancement applied, but asked the district court to consider imposing a one- or two-level enhancement instead of a four-level enhancement, given the circumstances. The government requested a sentence of 115 months due in large part to McDaniels's extensive criminal history.

At sentencing, the district court acknowledged McDaniels's personal characteristics, including his difficult childhood, the traumatic events he had experienced, and his mental health diagnoses. The court also acknowledged his argument that "sometimes people [] commit[] far worse crimes than [he] did" and still receive the same four-level enhancement under § 2K2.1(b)(6)(B). But the court also noted McDaniels's extensive criminal history, the violent nature of many of his past convictions, and the resulting need to protect the public. The district court imposed a within-Guidelines sentence of 96 months of imprisonment. McDaniels timely appealed, arguing that this sentence is substantively unreasonable.

II.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district

court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

On appeal, McDaniels raises the same points he made before the district court: (1) that he suffered a traumatic upbringing; (2) that the median sentence imposed for all types of firearms offenses where the individual has a criminal history category of VI was 72 months; and (3) that the connection between his firearm possession and his "other felony offense" was minimal.

The district court expressly considered these arguments but found them to be outweighed by other considerations. District courts are afforded "wide latitude" to weigh the relevant sentencing factors in each case and assign some factors greater weight than others in determining an appropriate sentence. United States v. Misquadace, 778 F.3d 717, 719 (8th Cir. 2015) (per curiam). A district court's weighing of the § 3553(a) sentencing factors differently than a defendant would have preferred does not alone justify reversal, United States v. Donahue, 959 F.3d 864, 867 (8th Cir. 2020), and we discern no clear error of judgment in how the district court weighed the factors here. McDaniels's argument that his sentence is unreasonable because it is above the median sentence imposed upon defendants in the same criminal history category does not, without more, change our view.

We affirm McDaniels's sentence.

_____