# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3384
_____

United States of America

*Plaintiff - Appellee*

v.

Sameer Chandulal Patel

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 18, 2023
Filed: October 30, 2023
[Unpublished]
_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Sameer Patel pleaded guilty to receiving and distributing child pornography, 18 U.S.C. § 2252(a)(2), (b)(1). The district court[1] imposed a bottom-of-the-

---

[1]The Honorable Shephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Guidelines sentence of 210 months in prison. Patel appeals, arguing that the sentence is substantively unreasonable.

We review a sentence's substantive reasonableness for abuse of discretion. United States v. Levy, 18 F.4th 1019, 1023 (8th Cir. 2021). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." Id. (citation omitted). Where, as here, the sentence imposed is within the Guidelines range, we presume that it is reasonable. United States v. Nosley, 62 F.4th 1120, 1130 (8th Cir. 2023) (applying presumption in child exploitation and pornography case).

Patel argues that the district court weighed the 18 U.S.C. § 3553(a) factors improperly by giving short shrift to his mitigating circumstances and expert report. But the court acknowledged that he had no criminal history, was working toward his Ph.D., and had a five-year-old stepdaughter at home. It nonetheless concluded that he deserved a Guidelines sentence, instead of a downward variance, because of the sheer volume of child pornography he possessed and the conversations he had about abusing a child. It did not have to accept his expert's opinion that he was not dangerous. United States v. Kerr, 472 F.3d 517, 521 (8th Cir. 2006). Though he disagrees with how the court weighed his mitigating circumstances, that does not justify vacating his sentence. United States v. Donahue, 959 F.3d 864, 867 (8th Cir. 2020).

Patel also argues that the sentence creates an unwarranted disparity because, he says, about 57% of all child pornography offenders receive a downward variance. That, of course, still leaves about 43% who do not. Sentencing disparity arguments must compare apples to apples. See United States v. Carr, 895 F.3d 1083, 1091 (8th Cir. 2018) ("[A] sentencing disparity argument requires a showing that the appellant and his comparators are similar in 'conduct and record.'" (citation omitted)). The district court thought that Patel was an orange: He possessed the largest cache of child pornography the court had ever seen, and he sorted the pornography into

folders, including one that matched the age and sex of the child he talked about abusing. Patel has failed to present any comparators in conduct and record, let alone any that call into question whether his bottom-of-the-Guidelines sentence is reasonable.

We affirm the district court's judgment.

———————————————