# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1386

_____

United States of America

*Plaintiff - Appellee*

v.

Antaveon Bernard Kent, also known as Anaveon Bernard Le'Vell Kent

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 16, 2023
Filed: November 2, 2023
[Unpublished]

_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Antaveon Kent and a coconspirator shot and killed two people while attempting to steal their marijuana so they could sell it themselves. Kent pleaded guilty to conspiring to distribute and possess with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1), 846; attempting to possess with intent to distribute marijuana, id. § 841(a)(1); and discharging a firearm in furtherance of a drug trafficking crime

resulting in death, 18 U.S.C. § 924(c), (j). His Guidelines range was 480 months to life in prison. The district court[1] varied down and imposed a sentence of 312 months—48 months higher than the parties' joint recommendation. Kent appeals, arguing that the sentence is substantively unreasonable because the court did not give enough weight to his mitigating circumstances.

We review a sentence's substantive reasonableness for abuse of discretion.[2] United States v. Levy, 18 F.4th 1019, 1023 (8th Cir. 2021). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." Id. (citation omitted). Where, as here, the court imposes a below-Guidelines sentence, we presume that the sentence is reasonable. United States v. Barraza, 982 F.3d 1106, 1116 (8th Cir. 2020). It is "nearly inconceivable" that the court abused its discretion by not varying below the Guidelines further. Id. (citation omitted).

Kent argues that the district court should have given more weight to his mitigating circumstances. The court said that it considered the circumstances Kent mentioned at sentencing and in his filings—his troubled childhood, mental health, and lack of a male role model. And it agreed that those circumstances called for a "significant downward variance." But it concluded that the parties' recommendation of 264 months in prison was not sufficient because of Kent's "abhorrent" conduct and the need for the sentence imposed to protect the public and deter him from committing crimes. See 18 U.S.C. § 3553(a)(1), (a)(2)(A)–(C). The court's decision to "assign relatively greater weight" to those factors than Kent preferred was well

---

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

[2]The Government asks us to review for plain error because Kent did not object below to how the district court weighed his mitigating circumstances. But he did not need to raise that objection to preserve his challenge. United States v. Jones, 71 F.4th 1083, 1086 (8th Cir. 2023) (first citing Holguin-Hernandez v. United States, 140 S. Ct. 762 (2020); and then citing United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009)).

within its discretion.  <u>See</u> <u>United States v. Wisecarver</u>, 644 F.3d 764, 774–75 (8th Cir. 2011).

We affirm the district court's judgment.

_____