# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3192
_____

United States of America

*Plaintiff - Appellee*

v.

James Dennis Ward

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 8, 2024
Filed: May 30, 2024
[Unpublished]

_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

James Ward bought more than $135,000 worth of outdoor equipment, including an ATV and a trailer, with sham licenses and fake checks. He pleaded guilty to one of four counts of uttering counterfeit checks, 18 U.S.C. § 513(a), and

the district court[1] sentenced him to 48 months in prison, varying up from a Guidelines range of 15 to 21 months. Ward appeals, arguing that his sentence is substantively unreasonable.[2]

We review the district court's decision to vary up based on the 18 U.S.C. § 3553(a) factors for abuse of discretion. United States v. McDaniels, 19 F.4th 1065, 1067 (8th Cir. 2021) (per curiam). A sentencing court abuses its discretion when it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (citation omitted). An above-Guidelines sentence is not presumptively unreasonable, United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), and we do not require extraordinary circumstances to justify an upward variance, Gall v. United States, 552 U.S. 38, 47 (2007). But we do "consider both whether the district court's decision to grant a variance is reasonable and whether the extent of the variance is reasonable." United States v. Levy, 18 F.4th 1019, 1023 (8th Cir. 2021) (citation omitted).

Ward first argues that the district court abused its discretion by sentencing him to more than double the top of his Guidelines range based on factors that the Guidelines already took into account. We disagree. While the variance was substantial, the court specifically noted that the Guidelines "significantly undervalu[ed]" Ward's "long history of committing crimes over a lifetime"—only 1 of the 22 crimes listed in his Presentence Report received any criminal history points. The court also expressed concern that Ward's criminal "trend was escalating, getting more serious [and involving] more money," and that "21 months [was] not going to do anything" to stop him from committing more crimes. The Guidelines did not fully account for these factors, and the court was free to consider them in weighing

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

[2]In his plea agreement, Ward waived all rights to appeal his sentence except, as relevant here, his preserved challenge to the substantive reasonableness of his above-Guidelines sentence.

the § 3553(a) factors and varying up.  See United States v. Miller, 41 F.4th 1019, 1024 (8th Cir. 2022).

Pivoting to mitigating circumstances, Ward argues that the district court abused its discretion by giving him no credit for agreeing to pay $135,192.07 in restitution—the total value of his theft—despite pleading guilty to only one of four counts, which was worth only $42,000 on its own.  See United States v. Matheny, 42 F.4th 837, 845–46 (8th Cir. 2022) (stating that a court may order restitution "only for the loss caused by the specific conduct that is the basis of the offense of conviction," unless the offense "involves as an element a scheme, conspiracy, or pattern of criminal activity" (citations omitted)).  But he did not raise this argument before the district court.  And in any event, the court was aware of his purported generosity and acted within its discretion by giving it less weight than Ward preferred.  See, e.g., McDaniels, 19 F.4th at 1067.

Finally, Ward argues that the district court abused its discretion by failing to consider the need to avoid unwarranted disparities, noting that the average sentence for similarly situated defendants is much lower.  See § 3553(a)(6).  But because the court "correctly calculated and carefully reviewed the Guidelines range, [it] necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."  Gall, 552 U.S. at 54.  It just decided that Ward's was not a run-of-the-mill case.

We see no abuse of discretion, so we affirm Ward's sentence.

_____