# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1091
_____

United States of America

*Plaintiff - Appellee*

v.

Corey Lamar Cullar

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: April 9, 2024
Filed: June 14, 2024
_____

Before LOKEN, SHEPHERD, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Corey Lamar Cullar pleaded guilty to maintaining a home for the purpose of distributing controlled substances, 21 U.S.C. § 856(a)(1). The district court[1] imposed a top-of-the-Guidelines sentence of 240 months in prison. Cullar appeals,

_____

[1]The Honorable C.J. Williams, United States District Court for the Northern District of Iowa.

challenging the court's Guidelines calculation and his sentence's substantive reasonableness. We affirm.

## I.

When the dust settled at a hotly contested 4-day sentencing hearing, the district court set Cullar's base offense level at 22, U.S.S.G. § 2D1.1(c)(9), and added 2 levels for possessing a dangerous weapon, § 2D1.1(b)(1); 2 levels for maintaining a drug premises, § 2D1.1(b)(12); 3 levels for having an aggravating role in the offense, § 3B1.1(b); and 2 levels for having an aggravating role and using a minor or obstructing justice, § 2D1.1(b)(16). All for a total offense level of 31.

But because the district court found that Cullar was a career offender, his offense level increased to 32. § 4B1.1(b) (setting an offense level of 32 for career offenders who commit an offense with a statutory maximum sentence of "20 years or more, but less than 25" when 32 is greater than the "offense level otherwise applicable"); § 856(b) (20-year maximum sentence). The court then declined to give him a reduction for accepting responsibility. With a total offense level of 32 and a criminal history category of VI, his Guidelines range was 210 to 240 months in prison. *See* § 5G1.1(c) (capping the Guidelines range at the statutory maximum).

The district court imposed the statutory maximum sentence, explaining that Cullar's "supermarket[s]" for drugs were a "cancer on th[e] community." This, the court mused, was the "worst type of behavior" Congress envisioned when it set the statutory maximum at 20 years.

## II.

Cullar first claims that the district court procedurally erred by improperly calculating his Guidelines range. He challenges its drug quantity finding, most of its sentencing enhancements, and its denial of a reduction for accepting responsibility. Second, he says that the court gave short shrift to his mitigating

circumstances, so his sentence is substantively unreasonable. We review first for procedural error and then if there is none for substantive reasonableness. *United States v. Jones*, 89 F.4th 681, 684 (8th Cir. 2023).

## A.

We make quick work of all but one of Cullar's procedural challenges. The district court's drug quantity finding and sentencing enhancements were part and parcel of its initial offense level calculation of 31. When the court deemed him a career offender, the career offender guideline's offense level of 32 took over. Because his Guidelines range was driven by his career offender designation, which he does not challenge on appeal, any error in the court's drug quantity finding and sentencing enhancements did not affect his Guidelines range and so is harmless. *See United States v. Wiggins*, 747 F.3d 959, 965 (8th Cir. 2014) (any error in drug quantity finding was harmless because the career offender guideline set the offense level); *see also United States v. Sigillito*, 759 F.3d 913, 941 (8th Cir. 2014) (holding any procedural error harmless because it did not affect the Guidelines range).

That leaves only the district court's denial of a reduction for accepting responsibility. *See* § 4B1.1(b) (courts decrease the offense level in the career offender table if an "adjustment from § 3E1.1 (Acceptance of Responsibility) applies"). Cullar gets two levels off if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). The court denied the reduction because Cullar obstructed justice after pleading guilty by leaking documents that identified a cooperator. We review the "denial of an acceptance of responsibility reduction for clear error and will reverse only if it is so clearly erroneous as to be without foundation." *United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017) (citation omitted).

Acceptance of responsibility reductions are meant to distinguish "sincerely remorseful defendant[s]" from the unrepentant. *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021) (citation omitted). "Conduct resulting in an enhancement

under § 3C1.1"[2] for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1 cmt. n.4. But there may be "extraordinary cases" where an obstructionist still gets a reduction. *Id.* "A case is exceedingly unlikely to be extraordinary" where, as here, "the defendant obstructs justice after pleading guilty." *United States v. Sandoval*, 74 F.4th 918, 923 (8th Cir. 2023) (cleaned up) (citation omitted).

Cullar argues that he did not deserve the enhancement for obstructing justice in the first place. He says that he mistakenly sent attorney-client material home and that his son stumbled on the documents identifying the cooperator and posted them on Facebook. The district court discredited the son's testimony to that effect, calling it "incredible." The only reason Cullar would have sent attorney-client material home after being repeatedly told to keep it confidential, it found, was to out and intimidate the cooperator before the contested sentencing. This was a permissible and reasonable inference from the undisputed facts, and it is not clearly erroneous. *See United States v. Rodamaker*, 56 F.3d 898, 902 (8th Cir. 1995).

Even so, Cullar argues that his is the extraordinary case because he cooperated with law enforcement and pleaded guilty. But he leaked the attorney-client material after he pleaded guilty and still does not admit to that obstruction, *see Sandoval*, 74 F.4th at 923, which is "hardly emblematic of a sincerely remorseful defendant," *see United States v. Chappell*, 69 F.4th 492, 494 (8th Cir. 2023) (cleaned up) (citation omitted). And "[m]erely pleading guilty does not entitle a defendant to this

---

[2]Cullar received an enhancement under § 2D1.1(b)(16)(D), not § 3C1.1. *Compare* § 2D1.1(b)(16)(D) (courts add two offense levels when a defendant with an aggravating role "engaged in witness intimidation . . . or otherwise obstructed justice in connection with the investigation or prosecution of the offense"), *with* § 3C1.1 & cmt. n.4(A) (courts add two offense levels when a defendant "willfully obstructed . . . the administration of justice with respect to the investigation, prosecution, or sentencing" of the offense, which includes witness intimidation). But we accept the parties' framing and assume that obstructive conduct under § 2D1.1(b)(16)(D) is equivalent to obstructive conduct under § 3C1.1.

reduction." *Id.* All told, we see no clear error in the district court's conclusion that Cullar's conduct "belie[d] [his] claims of contrition." *Id.* (citation omitted).

## B.

Now to substantive reasonableness, which we review for abuse of discretion. *United States v. Levy*, 18 F.4th 1019, 1023 (8th Cir. 2021). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." *Id.* (citation omitted). Where, as here, the court imposes a within-Guidelines sentence, we presume the sentence is reasonable. *United States v. Burns*, 834 F.3d 887, 890 (8th Cir. 2016).

Cullar fails to rebut the presumption. He argues that the district court gave short shrift to a litany of mitigating facts, including that he is an employable middle-aged man with seven children, strong family support, a history of substance abuse, and heart problems. But the court knew all this and reasonably concluded that his "egregious conduct" and "troubling" criminal history called for the statutory maximum sentence. *See United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011) (sentencing courts may "assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant" in weighing the 18 U.S.C. § 3553(a) factors).

At oral argument, Cullar argued for the first time that the district court gave too much weight to the offense conduct Congress might have envisioned as justifying the statutory maximum sentence. This argument comes too late. *United States v. Larison*, 432 F.3d 921, 923 n.3 (8th Cir. 2006) ("We do not consider arguments raised for the first time at oral argument.").

## III.

We affirm the district court's judgment.

_____