# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3005
_____

United States of America

*Plaintiff - Appellee*

v.

Steven Douglas Freno, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: June 10, 2024
Filed: June 27, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Steven Freno pleaded guilty to possession of a firearm by a prohibited person, *see* 18 U.S.C. § 922(g)(1), (9), and possession with intent to distribute marijuana mixture after having been convicted of a felony drug offense, *see* 21 U.S.C. § 841(a)(1), (b)(1)(D). With a total offense level of 21 and a criminal history category of II, Freno's initial advisory sentencing guidelines range was 41 to 51

months of imprisonment. At sentencing, the district court[1] departed upward because it found that Freno's "criminal history category substantially under-represents the seriousness of his criminal history" and the "likelihood that he will commit other crimes." U.S.S.G. § 4A1.3(a)(1). The district court determined that Freno's criminal history most closely resembles that of a defendant with a criminal history category of IV and used that category as a reference to determine the extent of an appropriate upward departure. *See id.* § 4A1.3(a)(4)(A). The guidelines suggest 57 to 71 months of imprisonment for defendants with an offense level of 21 and a criminal history category of IV. The district court also ruled in the alternative that it would vary upward to the same degree based on Freno's criminal history. The district court then varied upward due to other aggravating circumstances and sentenced Freno to 84 months in prison. Freno appeals.

Freno principally asserts that the district court improperly departed upward under U.S.S.G. § 4A1.3. However, the district court explained that it was also varying upward to the same extent based on Freno's criminal history. *See* 18 U.S.C. § 3553(a)(1)-(2). In other words, "the departure and the variance were alternative, rather than cumulative, bases" for Freno's sentence. *United States v. Grandon*, 714 F.3d 1093, 1098 (8th Cir. 2013). Because we conclude below that the district court did not abuse its discretion in deciding to vary upward, "any error in alternatively imposing an upward departure would be harmless because the district court would have imposed the same sentence absent the error." *Id.* (internal quotation marks omitted).

Freno argues that the district court abused its discretion in varying upward based on the § 3553(a) factors. *See United States v. McDaniels*, 19 F.4th 1065, 1067 (8th Cir. 2021) (per curiam) (noting the standard of review). Here, the district court explained its reasons for varying upward and determining Freno's sentence. Especially important to the district court were Freno's thirty-three adult criminal

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

convictions. His criminal history includes three violent crimes and numerous convictions involving drugs or guns, indicating Freno's tendency "to commit crime over and over again." The district court also noted the presence of additional "aggravating factors," including Freno's continued criminal conduct while under the court's supervision, his "violent[,] . . . intimidating[,] and traumatizing conduct" that led to this prosecution, as well as his "repeated" lying to the police. Though Freno urged the district court to give great weight to his claim to be "a hard working, non-violent man" with "a supportive network of friends and family," it does not appear to us that the district court failed to consider a relevant and significant factor, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in weighing the appropriate factors. *See id.*; *see also United States v. Nguyen*, 829 F.3d 907, 926 (8th Cir. 2016) ("A district court does not abuse its discretion simply because it weighs the relevant factors more heavily than the defendant would prefer." (internal quotation marks omitted)). Accordingly, we discern no abuse of discretion.

Affirmed.

_____