# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-2544

_____

United States of America

*Plaintiff - Appellee*

v.

Kayla Dee Jeffries

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: March 11, 2024
Filed: July 12, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.

_____

PER CURIAM.

An Iowa trooper pulled over Kayla Dee Jeffries and found more than nine kilograms of methamphetamine in her U-Haul.  She pleaded guilty to possessing with intent to distribute 500 grams or more of a methamphetamine mixture, 21

U.S.C. § 841(a)(1), (b)(1)(A). The district court[1] varied down from a Guidelines range of 135 to 168 months in prison and sentenced her to 108 months. Jeffries appeals, arguing that her sentence is substantively unreasonable.

We review a sentence's substantive reasonableness for abuse of discretion. United States v. Levy, 18 F.4th 1019, 1023 (8th Cir. 2021). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." Id. (citation omitted). Where, as here, the court varies below the Guidelines, we presume that the sentence is reasonable. United States v. Barraza, 982 F.3d 1106, 1116 (8th Cir. 2020). It is "nearly inconceivable" that the court abused its discretion by not varying down even further. Id. (citation omitted).

Jeffries argues that the district court should have given greater weight to her mitigating circumstances: she suffered childhood trauma, had a history of drug use, was a victim of domestic and sexual abuse, relinquished her parental rights over her children, and tried to cooperate with the Government before her drug dealing got in the way. The court recognized that she had "suffered major trauma, both as a child and as an adult," and had "severe addiction issues." But it concluded that 108 months was the appropriate sentence because she had committed a "serious offense" involving a lot of drugs and had received lenient sentences in the past, showing that a longer one was "necessary this time." Its decision to "assign relatively greater weight" than she would have liked to the seriousness of her offense and the need to deter her from committing crimes was well within its discretion. See United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011).

We affirm the district court's judgment.

_____

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.