# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3366

_____

United States of America

*Plaintiff - Appellee*

v.

Kyrell Deshawn Wells

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: May 6, 2024
Filed: August 12, 2024
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Kyrell Deshawn Wells sold 500 to 1,000 fentanyl pills a day in Omaha, Nebraska, from December 2021 until his arrest in August 2022. He pleaded guilty to conspiring to distribute 400 grams or more of a fentanyl mixture or 100 grams or more of a fentanyl-analogue mixture, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

The district court[1] varied down from a Guidelines sentence of life in prison and imposed a 360-month sentence. Wells appeals, challenging the substantive reasonableness of his sentence.

We review a sentence's substantive reasonableness for abuse of discretion. United States v. Cullar, 104 F.4th 686, 690 (8th Cir. 2024). A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors." Id. (citation omitted). We presume that a below-Guidelines sentence is reasonable. United States v. Barraza, 982 F.3d 1106, 1116 (8th Cir. 2020).

Wells has not overcome that presumption. He argues that the district court gave too much weight to his "frivolous" challenges to the drug-quantity and leadership-role findings, his decision to not cooperate with the Government, and his obstructive conduct while in jail, while not giving enough weight to his personal characteristics. The district court explained that Wells's failure to accept responsibility and his obstructive conduct led to a higher offense level, see U.S.S.G. §§ 3E1.1, 3C1.1, and distinguished Wells from his codefendants who had received shorter sentences. The record also shows that the district court considered Wells's relative youth—he was only twenty at sentencing—and his upbringing, which was filled with substance abuse, physical and emotional abuse, and gun violence. What drove Wells's sentence was his lengthy criminal history and his "horrifyingly high guideline range," not any clear error in judgment in weighing the sentencing factors.

We affirm the district court's judgment. Defense counsel's motion to withdraw is denied without prejudice. See 8th Cir. R. 27B(b).

———————————————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.