# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1543
_____

United States of America

*Plaintiff - Appellee*

v.

Hardy Pegues, III

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 20, 2024
Filed: September 25, 2024
[Unpublished]
_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

After pleading guilty to conspiring to distribute methamphetamine, Hardy Pegues, III, received a 200-month prison sentence. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. An *Anders* brief suggests that the drug-quantity finding was erroneous and that the sentence is substantively unreasonable. *See Anders v. California*, 386 U.S. 738 (1967).

We conclude otherwise. The district court[1] did not clearly err when determining the drug quantity. *See United States v. Ault*, 446 F.3d 821, 823–24 (8th Cir. 2006) (articulating the standard of review and pointing out that relevant conduct includes everything that was part of the same "continuous pattern of drug activity" (citation omitted)); *United States v. McArthur*, 11 F.4th 655, 660 (8th Cir. 2021) (explaining that when "the court . . . base[s] its drug[-]quantity calculation for sentencing purposes" on "the testimony of [a] co-conspirator[]," its "assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal" (citations omitted)). The court then calculated the advisory range, selected a sentence, and explained its reasoning. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the reasonableness of a sentence for an abuse of discretion). In doing so, it sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. McDaniels*, 19 F.4th 1065, 1067 (8th Cir. 2021) (per curiam) (stating that the district court has "latitude to weigh the relevant sentencing factors . . . differently than a defendant would have preferred" (citation omitted)).

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.