# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3597
_____

United States of America

*Plaintiff - Appellee*

v.

Tyran Jeremiah Locure, also known as Stanley, Tyran Jermiah Locure

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 21, 2025
Filed: June 4, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

PER CURIAM.

Tyran Jeremiah Locure pled guilty to conspiracy to distribute 40 grams or more of a mixture and substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district

court[1] sentenced him to a below-Guidelines sentence of 108 months on the drug charge with a consecutive mandatory 60 months on the firearm charge, for a total imprisonment term of 168 months. Locure appeals, contending his sentence is substantively unreasonable because the district court did not sufficiently weigh mitigating factors, including his traumatic childhood and youth.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. When, as here, a below-Guidelines sentence is imposed, "it is nearly inconceivable" that the sentencing court abused its discretion by not varying down even more. United States v. Black, 129 F.4th 508, 514 (8th Cir. 2025).

The district court has wide latitude to weigh the sentencing factors in 18 U.S.C. § 3553(a) and assign some factors more weight than others. United States v. McDaniels, 19 F.4th 1065, 1067 (8th Cir. 2021) (per curiam). When determining the appropriate sentence in this case, the district court explained that Locure's family history and childhood trauma warranted a downward variance from his advisory Sentencing Guidelines range of 180 to 210 months. It balanced these mitigating factors against Locure's history of firearms offenses and his involvement in the instant large-scale fentanyl conspiracy. A district court does not abuse its discretion by weighing the § 3553(a) factors differently than Locure would have preferred. See id. Having carefully reviewed the record, we find no clear error of judgment in how the district court weighed the relevant sentencing factors.

We affirm the district court's judgment.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.