# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1279

_____

United States of America

*Plaintiff - Appellee*

v.

Derrick Lovell Parker, also known as Darrell Parker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 19, 2016
Filed: September 26, 2016
[Unpublished]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Derrick Parker appeals the sentence imposed by the district court[1] following
Parker's admitted violations of supervised release.  Parker was originally convicted

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the
Eastern District of Arkansas.

of cocaine distribution and firearms charges and sentenced to 120 months in prison, followed by a three-year term of supervised release. Parker's term of supervised release began on July 22, 2014. In December 2015, the government filed a superseding petition for revocation of supervised release, alleging, among other things, that Parker violated the general and standard conditions of supervised release relating to the unlawful use of controlled substances and submitting to periodic drug tests. The petition alleged numerous instances wherein Parker failed to submit to drug tests and failed several drug tests that he did submit to.

During a January 2016 revocation and sentencing hearing, Parker admitted to the violations and the district court found Parker guilty of violating these general and standard conditions of supervised release. During the hearing, after Parker's counsel argued that incarceration was not warranted, the district court interjected and noted that Parker had unsuccessfully tried drug rehabilitation and showed up for a court "hearing high on cocaine." Upon hearing argument from the government, the district court set forth the specifics of the violation and the eight to fourteen-month sentencing range. The district court stated that it "considered the factors listed in U.S.C. 3553(a)" and imposed a fourteen-month sentence. Parker contends that the district court procedurally erred by not adequately explaining the reasons for the fourteen-month sentence.

We review a district court's revocation sentence using the same standards applied to initial sentencing decisions. United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009). We first review to ensure that the district court did not commit a significant procedural error. United States v. Dace, 660 F.3d 1011, 1013 (8th Cir. 2011). We then evaluate the substantive reasonableness of the sentence under a deferential abuse-of-discretion standard. United States v. Timberlake, 679 F.3d 1008, 1011 (8th Cir. 2012). Parker did not advance the procedural error argument before the district court, and we therefore review it for plain error. Miller, 557 F.3d at 916. Having reviewed the sentencing transcript, we find no plain error in the district

court's consideration of the statutory factors or explanation of its sentence. The district court announced that it had considered the factors, and the colloquy with defense counsel indicated the district court was thinking about Parker's specific history and characteristics. The court had detailed information regarding Parker's history of supervision, criminal history, original offense of conviction, and the numerous violations of supervised release conditions. See United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (holding that the context for appellate review is the entire sentencing record). Nor is Parker's within-Guidelines-range sentence substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (holding that we may apply a presumption of reasonableness to a sentence within the Guidelines range).

Accordingly, we affirm.

_____