# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3226
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Scott Campbell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 21, 2020
Filed: September 24, 2020
[Published]
_____

Before BENTON, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Nicholas Scott Campbell pled guilty to producing child pornography in violation of 18 U.S.C. §2251(a) and (e). The district court[1] sentenced him to 336 months in prison, to be served concurrent with an impending state-court sentence.

---

[1] The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

As authorized by the district court[2], he appeals, claiming the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Campbell attacks the substantive reasonableness of his within-guidelines sentence. The court considers the "substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." *United States v. Ryser*, 883 F.3d 1018, 1021 (8th Cir. 2018), *quoting United States v. Misquadace*, 778 F.3d 717, 718 (8th Cir. 2015) (*per curiam*) (citation omitted). A sentencing court abuses its discretion in determining a sentence when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Misquadace*, at 718-19 (cleaned up).

Campbell argues that the district court did not appropriately weigh the 18 U.S.C. §3553(a) factors and committed a clear error of judgment. He emphasizes six mitigating arguments: (1) his lack of any other significant criminal history, (2) the sexual abuse he suffered as a child, (3) his age in relation to the sentence sought, (4) his sincere and profound remorse, (5) his early resolution and acceptance of responsibility in this case, and (6) his amenability to treatment.

At sentencing, the district court specifically addressed the second and sixth points. Noting his childhood sexual abuse, the court considered it "not a wholly mitigating factor but a partially mitigating factor in light of the research that does suggest the cycle of violence unfortunately does continue." The court also considered his amenability to treatment, stating its hope that "the combination of sex

---

[2] Order, No. 19-CR-91 (D. Minn. Aug. 24, 2020), *responding to United States v. Campbell*, ___ F.3d ___, ___, 2020 WL 4814124, at *2 (8th Cir. Aug. 19, 2020).

offender, mental health and substance abuse treatment will one day enable you to function in society without putting a child at risk."

Besides specifically addressing these two mitigating factors, the district court announced that it had considered the presentence investigation report, relevant parts of the guidelines, the position papers filed by each side, and two letters from the victims. The district court also "consulted with probation." The court also had "looked at the Information and plea agreement" and acknowledged a letter from Campbell's parents, noting they were present in the courtroom. The court adopted the PSR "as it is written." The PSR provides details about all the mitigating factors Campbell stresses on appeal, including his lack of significant criminal history, the childhood sexual abuse, his age in relation to the sentence, his remorse, his early resolution and acceptance of responsibility, and his amenability to treatment. The court heard Campbell's arguments at sentencing, asking the court to consider his amenability to treatment, his own history of sexual abuse, and his age at release. Finally, the court heard Campbell's personal statement apologizing for his acts.

When issues are raised in sentencing position papers and at the sentencing hearing, a district court is presumed to consider them. *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012), *citing United States v. Wilcox*, 666 F.3d 1154, 1157 (8th Cir. 2012). But, after considering the mitigating factors, the court stated that "the facts of this case are simply shocking and truly abhorrent . . . two very young, innocent, trusting, vulnerable, loving, minor girls under your care were repeatedly abused by you, one of them for as much as ten years." The court discussed the young age of the victims, Campbell's vast collection of child pornography, that his production was buried in that vast collection, and the horrific and violent nature of some of his pornography collection. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A-D), (a)(6) and (a)(7). Considering all the reports, papers, arguments and statements, the court sentenced Campbell to 336 months in prison, a within-range sentence. *See United States v. Feemster*, 572 F.3d 455 (8th Cir. 2009)

("it will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable").

The district court has "wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Hall*, 825 F.3d 373, 375 (8th Cir. 2016) (*per curiam*), *citing United States v. Gasaway*, 684 F.3d 804, 808 (8th Cir. 2012). "The mere fact that a court could have weighed the sentencing factors differently does not amount to an abuse of discretion." *Id*.

Campbell adds an argument that the sentence is an unwanted disparity with shorter sentences in other child-pornography-production cases (though the government counters noting longer sentences in some similar cases). In this case, the district court weighed all relevant factors and determined an appropriate sentence. "A district judge who favors a tough sentence is entitled to the same degree of deference as a district judge who opts for a lesser punishment." *United States v. Deegan*, 605 F.3d 625, 634 (8th Cir. 2010). There was no clear error of judgment. The court did not abuse its discretion.

The judgment is affirmed.

_____