# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1268
_____

United States of America

*Plaintiff - Appellee*

v.

Christian Nero Copeland

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 16, 2020
Filed: December 31, 2020
[Unpublished]
_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Christian Nero Copeland pled guilty to possession with intent to distribute crack cocaine, discharging a firearm during a drug trafficking crime, and forfeiture of currency and a firearm in violation of 18 U.S.C. § 924(c), (d); 21 U.S.C.

§§ 841(a)(1), 841(b)(1), 853; and 28 U.S.C. § 2461(c).  The district court[1] sentenced him to 60 months in prison and five years of supervised release.  After serving his sentence, he violated the conditions of his supervised release.  The court revoked his release, sentencing him to 18 months in prison and five years of supervised release. He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Copeland claims the district court failed to properly weigh the sentencing factors and imposed an unreasonable sentence.  This court reviews "a district court's revocation sentence using the same standards applied to initial sentencing decisions." *United States v. Parker*, 669 Fed. Appx. 323, 324 (8th Cir. 2016).  "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008).

Copeland believes the district court abused its discretion "when it failed to consider the excess time that Copeland had already served for his original offense and placed punishment over the rehabilitative goals that underly supervised release." This argument is without merit.  Imposing a within-guidelines sentence, the district court considered each of the § 3553(a) factors, especially the fact that Copeland "pose[d] a danger to society." *See United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005) ("[E]vidence that the district court was aware of the relevant § 3553(a) factors required to be considered can be inferred from the record.").  The district court has "wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Campbell*, 976 F.3d 775, 778 (8th Cir. 2020).  "The mere fact that a

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

court could have weighed the sentencing factors differently does not amount to an abuse of discretion." *Id.*

\* \* \* \* \* \* \*

The judgment is affirmed.

_____