# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3400

_____

United States of America

*Plaintiff - Appellee*

v.

Billy Joe Herman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 23, 2020
Filed: March 29, 2021
[Unpublished]

_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

After Billy Herman pleaded guilty to second-degree murder within Indian country, he received a sentence of life imprisonment. *See* 18 U.S.C. §§ 1111, 1153. His position is that neither a departure nor a variance justified such a long sentence. We affirm.

The facts in this case are harrowing.  Herman brutally beat Amanda Engst and choked her with an electrical cord.  Then he wrapped her in a tarp, shoved her into the trunk of her own car, and drove to a remote bridge over a river.  Once there, he pulled her out of the vehicle and struck her on the head multiple times with a shovel.  Although there is a dispute about whether Engst was still alive at that point, no doubt remained after Herman tied her to two concrete blocks and tossed her into the river.  Herman's then-wife, who was present throughout, eventually notified law enforcement about what had happened.  She ended up pleading guilty in state court for her role as an accomplice.

Once Herman himself pleaded guilty, the parties turned their focus to sentencing.  After hearing two days of testimony, the district court[1] gave him a life sentence, which was above the 292 to 365 months recommended in the presentence investigation report.  The court ended up there through two alternative routes.  The first was an upward variance, taking into account Herman's criminal history and the circumstances of the offense.  *See* 18 U.S.C. § 3553(a).  The second was an upward departure, based on a finding that Herman's conduct was extreme.  *See* U.S.S.G. § 5K2.8.

Herman thinks neither route justified a life sentence.  We disagree, because even assuming that there was no support for a departure, "the district court did not abuse its substantial discretion in varying upward."  *United States v. Grandon*, 714 F.3d 1093, 1098 (8th Cir. 2013); *see also United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012) (noting that "any procedural error in granting an upward departure is harmless when the district court" properly bases the sentence "on an upward variance under the section 3553(a) factors").

---

[1]The Honorable Peter D. Welte, United States District Judge for the District of North Dakota, now Chief Judge, United States District Court for the District of North Dakota.

First, there was no procedural error. *See United States v. Ayres*, 929 F.3d 581, 582–83 (8th Cir. 2019) (reviewing first whether the court committed any "significant procedural error[s]"). Although the ex-wife's account was presented through two law-enforcement agents, the district court was entitled to rely on their testimony.[2] *See United States v. Moralez*, 808 F.3d 362, 368 (8th Cir. 2015) (recognizing that, at sentencing, a district court can rely on hearsay if it is sufficiently reliable); *see also United States v. Boslau*, 632 F.3d 422, 432 (8th Cir. 2011) (holding that there was no clear error in relying on testimony that the government had corroborated). Nothing the medical examiner said during the sentencing hearing, either about the cause of death or the condition of Engst's body, contradicted her account. *See United States v. Tucker*, 243 F.3d 499, 506 (8th Cir. 2001) (noting that it can be clearly erroneous to rely on testimony that is "contradicted by extrinsic evidence").

Second, the sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (recognizing that we review sentences, even those "outside the Guidelines range," under "a deferential abuse-of-discretion standard" (quotation marks omitted)). The record establishes that the district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not commit a clear error of judgment. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006).

---

[2]The agents also testified that Herman and his ex-wife sent fake Facebook messages following the murder to Engst's family to make them think that she was still alive. Even if Herman did not send those messages himself, the court did not clearly err in considering his role in their creation. *See* U.S.S.G. § 1B1.3(a)(1)(A) (noting that a defendant's relevant conduct includes "all acts . . . aided, abetted, counseled, . . . induced, procured, or willfully caused by the defendant . . . that occurred . . . in the course of attempting to avoid detection or responsibility for [the] offense").

The district court also did not rely on improper or irrelevant factors when it observed that there was "some premeditation" before the murder and that it was carried out during a kidnapping.[3] *See United States v. Stoner*, 795 F.3d 883, 886 (8th Cir. 2015). Herman's mental state and the manner in which he committed the offense were both relevant factors for the court to consider. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A) (instructing district courts to consider "the nature and circumstances . . . [and] the seriousness of the offense"). And even if, as Herman argues, the Sentencing Guidelines already "take[] into account" premeditation and kidnapping, *see* U.S.S.G. §§ 2A1.1, 2A1.2, it makes no difference, because already-accounted-for factors "can [still] form the basis of a variance." *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012).

We accordingly affirm the judgment of the district court.

_____

---

[3]Nor, contrary to Herman's argument, did the district court give weight, let alone "significant weight," to a postconviction-risk-assessment tool mentioned in the presentence investigation report. *United States v. Campbell*, 976 F.3d 775, 777 (8th Cir. 2020) (per curiam). Even assuming the court could not consider it at sentencing—a question we need not decide today—it expressly clarified that it played no role in the "sentencing decision."