# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1816
_____

United States of America

*Plaintiff - Appellee*

v.

Daryl Stephen Jones, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: October 19, 2023
Filed: December 27, 2023

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Defendant Daryl Stephen Jones, III pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He now appeals his sentence, claiming that the district court[1] committed procedural error and

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm the sentence.

## I.

On April 6, 2022, Jones absconded from a residential reentry facility in Leavenworth, Kansas, where he was serving the remainder of a 60-month sentence for possession of a firearm in furtherance of a drug-trafficking crime. A federal arrest warrant for escape was issued, but Jones's whereabouts remained unknown to law enforcement for the next six months.

That changed when law enforcement in Des Moines, Iowa saw posts that Jones uploaded to his Snapchat account from a local barbershop. Officers went to the barbershop and arrested Jones while he was getting his hair cut. At the time of his arrest, Jones was wearing a Gucci fanny-pack strapped to his chest. From the fanny-pack, officers recovered a loaded .40 caliber handgun with an extended magazine and extra ammunition.

Jones was subsequently charged with being a felon in possession of a firearm. After he pled guilty, the district court sentenced him to 84 months' imprisonment with 3 years of supervised release, to be served consecutively to any term of imprisonment or supervised release imposed for the then-pending escape charge in the District of Kansas. Jones now appeals this sentence.

## II.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017) (citation omitted). In so doing, "[w]e review a district court's sentence in two steps: first we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." Id. (citation omitted).

Although the list is not exhaustive, "[p]rocedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" Id. at 1094-95 (citation omitted). Where, as here, a defendant properly raised his objections before the district court, "[i]n reviewing the sentence for procedural errors, we review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." Id. at 1095 (citation omitted) (explaining that failure to object to an alleged procedural error at a sentencing hearing would result in plain error review). "We reverse for clear error 'only when the entire record definitely and firmly illustrates that the lower court made a mistake.'" United States v. Clark, 999 F.3d 1095, 1097 (8th Cir. 2021) (per curiam) (citation omitted).

A.

Jones challenges the district court's application of a four-level sentencing enhancement under USSG § 2K2.1(b)(6)(B) for his possession of a firearm in connection with the escape felony. See 18 U.S.C. § 751. Jones first argues that there is no evidence he committed the escape felony. Because Jones had only been *charged* with escape in the District of Kansas at the time of sentencing, the district court had to find, by a preponderance of the evidence, whether the escape felony was committed. United States v. Fisher, 965 F.3d 625, 630-31 (8th Cir. 2020) (per curiam).

We find no clear error in the district court's conclusion that the escape felony was committed. Federal escape is a continuing crime, United States v. Bailey, 444 U.S. 394, 413 (1980), and it does not end until the defendant is arrested or makes a bona fide attempt to turn himself in, United States v. Gonzalez, 495 F.3d 577, 580-81 (8th Cir. 2007). Jones did not object at the sentencing hearing when the district court recounted his flight from the reentry facility, nor did he object to the portions of the

PSR detailing the same. The district court was therefore entitled to accept those facts as true for sentencing purposes. See United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) (explaining that a district court may accept facts as true for sentencing purposes if they are contained in the PSR and the defendant does not object to them).

Jones also argues that there is no evidence the firearm facilitated his escape. See USSG § 2K2.1, comment. (n.14(A)) (facilitation requirement). We disagree. Jones was arrested during a haircut with a loaded handgun and extra ammunition in the Gucci fanny-pack strapped to his chest. The district court was therefore permitted to find that the handgun facilitated Jones's ongoing escape because he kept it in an easily accessible location while committing that felony. United States v. Mathis, 911 F.3d 903, 908 (8th Cir. 2018) ("[W]here a defendant keeps a firearm 'at an easily accessible location' while committing a felony offense, a sentencing court may infer that the firearm 'emboldened the defendant to engage in the illegal act.'" (citation omitted)).

B.

Jones also challenges the district court's calculation of two criminal-history points for his 2013 controlled substance possession offense. Upon de novo review, we agree with the district court's application of the Guidelines to this offense. Godfrey, 863 F.3d at 1095.

USSG § 4A1.1(b) provides that two points should be applied for "each prior sentence of imprisonment of at least sixty days" that is not otherwise already counted. The Guidelines further provide that "[i]n the case of a prior revocation of probation . . . , add the original term of imprisonment to any term of imprisonment imposed upon revocation." USSG § 4A1.2(k)(1). In other words, "[r]ather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original sentence of

-4-

imprisonment, if any, and the total should be counted as if it were one sentence." USSG § 4A1.2, comment. (n.11).

That is precisely the calculation the district court made. Jones pled guilty to the 2013 possession offense and was sentenced to one year of probation with deferred judgment. His probation was then revoked, and he was imprisoned for seven days. Later, his deferred judgment was revoked, and he was imprisoned for a further 51 days with another year of probation. His probation was then revoked again, and he was imprisoned for another 59 days. Therefore, adding the sentences given upon revocation of probation to the original sentence, Jones was sentenced to 117 days of imprisonment. This satisfies § 4A1.1(b)'s requirement of "at least sixty days."

## C.

Jones next argues that the district court erred in failing to apply a downward departure from the calculated Guidelines range based on the alleged overrepresentation of his criminal history. But the district court stated that it was "fully aware of [its] authority to depart downward under 4A1.3(b) in cases where [it] find[s] a defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal conduct." When, as here, a district court is aware of this authority and there is no allegation of an unconstitutional motive, its decision not to depart is unreviewable. United States v. Gonzalez-Lopez, 335 F.3d 793, 799 (8th Cir. 2003).

## D.

Finally, Jones argues that his within-Guidelines-range sentence is substantively unreasonable. At sentencing, "[a] district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a

clear error of judgment." United States v. Palkowitsch, 36 F.4th 796, 802 (8th Cir. 2022) (citation omitted). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal," United States v. Garcia, 946 F.3d 413, 419 (8th Cir. 2019) (citation omitted), and "[i]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable," Godfrey, 863 F.3d at 1099 (citation omitted).

Jones first asserts that the district court failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors. However, the district court made clear at sentencing that it had considered all of the § 3553(a) factors, and it was not required to mechanically recite them. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Jones then asserts that the "right thing" for the district court to have done would be to order his sentence to run concurrently with his anticipated escape sentence, rather than consecutively. In support, he cites mitigating facts about his life, such as his "rough" childhood, his drug and alcohol use, and his continuing education. But these are the very facts the district court balanced against Jones's undeterred "pattern of criminal activity" and the failure of "nearly every type of intervention . . . for the last 14 years." As the district court explained:

> I am certainly concerned about [Jones's] history here. He's a young man, but, you know, we've tried everything I know how to try here and not succeeded in getting [him] away from this community of people and away from guns. . . . [He was] in an escape status. And, clearly, he could have gone anywhere. Instead, he returned right back to the nest of people who've attempted to kill him on multiple occasions and got himself a gun . . . with 19 bullets in it and extra bullets just in case, and that's all very concerning behavior.

Jones's argument is nothing more than "a disagreement with the manner in which the district court weighed" the sentencing factors. United States v. Merrell, 842 F.3d 577, 585 (8th Cir. 2016). We find no abuse of discretion.

## III.

For the foregoing reasons, we affirm Jones's sentence.

_____