# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2218

_____

United States of America

*Plaintiff - Appellee*

v.

Adrien Jamaal Cole, also known as Jamaal Cole, also known as Jamaal Prince, also known as Adrien Jamaal Prince

*Defendant - Appellant*

_____

No. 24-2219

_____

United States of America

*Plaintiff - Appellee*

v.

Adrien Jamaal Cole

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: September 15, 2025
Filed: November 24, 2025
[Unpublished]
_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Adrien Cole appeals after the district court[1] revoked his terms of supervised release and imposed concurrent 24-month sentences of imprisonment. After careful review of his arguments, we affirm.

## I.

In 2014, Cole was sentenced to 120 months' imprisonment and 10 years of supervised release following his conviction for sex-trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) (the sex-trafficking case). His term of supervised release started in 2021. During that period, Cole feigned a medical condition to avoid sex offender treatment and drug testing. He subsequently pleaded guilty to a violation of 18 U.S.C. § 1001 for falsifying medical records and received a 6-month sentence of imprisonment and a 3-year term of supervised release (the false statement case). On the same day he was sentenced on the false statement case, Cole's supervised release in the sex-trafficking case was also revoked, and he received a sentence of 18 months of imprisonment, to run consecutively with his false statement sentence, for a total of 24 months. Cole was also ordered to serve concurrent terms of supervised release upon conclusion of his custodial sentence.

In March 2024, Cole started his second term of supervised release. By May, he had accumulated five violations of the conditions of his release, including a new

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

law violation: failing to register his vehicle and phone number with Nebraska authorities in violation of Nebraska's sex offender registry requirements.[2] Under Nebraska law, failure to register these items, among others, is a felony subject to imprisonment exceeding one year. See Neb. Rev. Stat. § 28-105, § 29-4006, § 29-4011(1).

The district court held a revocation hearing, where it classified Cole's failure-to-register violation as a Grade B violation and all others as Grade C. After calculating an advisory Guidelines range of 4-10 months in the sex-trafficking case and 8-14 months in the false statement case, the district court imposed a 24-month sentence in each, the sentences to run concurrently, and a 10-year term of supervised release.

Cole appeals, arguing the district court both procedurally erred and imposed a substantively unreasonable sentence.

II.

"[W]e review a district court's sentence in two steps: first we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Jones, 89 F.4th 681, 684 (8th Cir. 2023) (quoting United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017)). In evaluating whether the district court committed procedural error, we "review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." Id. (quoting Godfrey, 863 F.3d at 1095).

Cole first argues the district court committed procedural error by classifying his failure-to-register violation as a Grade B, rather than a Grade C, violation. Grade

---

[2]Cole admitted to the factual basis underlying each of the violations during his revocation hearing.

B violations include "conduct constituting a … state … offense punishable by a term of imprisonment exceeding one year." USSG § 7B1.1(a)(2). Cole does not contest that a violation of Nebraska's registration statute constitutes a felony offense. Instead, he argues that his "actual conduct" regarding this violation—*i.e.,* the manner in which he failed to register his vehicle and phone number with Nebraska authorities—should not qualify as a Grade B violation. See id. § 7B1.1, comment. (n.1) ("The grade of violation does not depend on the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct."). According to Cole, his "actual conduct" was more of a "sin of omission," not one of "commission," particularly because his probation officer knew about both the vehicle and the phone.

Cole admitted the facts underlying the failure-to-register violation, and he agreed that it was his responsibility to register. He also does not dispute that his failure to do so amounted to a felony violation of Nebraska law. It follows, then, that Cole's "actual conduct" underlying this violation qualified as a Grade B violation. See USSG § 7B1.1(a)(2). The district court did not procedurally err in so concluding.

III.

We next evaluate whether the district court abused its discretion and imposed a substantively unreasonable sentence by "(1) fail[ing] to consider a relevant factor that should have received significant weight; (2) giv[ing] significant weight to an improper or irrelevant factor; or (3) consider[ing] only the appropriate factors but in weighing those factors commit[ted] a clear error of judgment." Jones, 89 F.4th at 685–86 (quoting United States v. Palkowitsch, 36 F.4th 796, 802 (8th Cir. 2022)).

Cole argues that his total sentence of 24 months is substantively unreasonable. He asserts that the district court considered an improper or irrelevant factor[3] when it stated: "[L]last time you were revoked and an 18-month sentence was imposed and that clearly didn't resolve the issue, under the kind of policy that I have of incremental increased punishment, I'm going to impose 24 months' imprisonment on each of the two cases here." Cole characterizes this statement as the court's "policy of increased punishment," and he asserts it was given significant weight.

In context, however, the district court's statement reflects its reliance on Cole's "pattern" of "dishonest[y]," "malingering and feigning illnesses," and repeatedly "l[ying] to [the probation office]." The district court expressed serious concern that Cole "over and over again den[ied] things that are clearly true," and that he simply did what he wanted to do, when he wanted to do it, and then lied about it when he was "caught." Cole also disagrees with the weight the district court gave various sentencing factors, but "[t]he mere fact that a court could have weighed the sentencing factors differently does not amount to an abuse of discretion." United States v. Campbell, 976 F.3d 775, 778 (8th Cir. 2020) (quoting United States v. Hall, 825 F.3d 373, 375 (8th Cir. 2016) (per curiam)). On this record, we discern no abuse of discretion in the sentence imposed. See United States v. Harris, 55 F.4th 1162, 1164 (8th Cir. 2022) ("We have repeatedly upheld revocation sentences that varied upward from the advisory guidelines range because the defendant was a 'recidivist violator of supervised release conditions.'") (quoting United States v. Kocher, 932 F.3d 661, 664 (8th Cir. 2019)).

---

[3]We have variously reviewed for an abuse of discretion and plain error where, as here, the defendant did not object to the district court's consideration of a purportedly improper or irrelevant factor. See United States v. Kouangvan, 844 F.3d 996, 999 (8th Cir. 2017) (collecting cases applying both standards). But "[w]e need not resolve the apparent conflict . . . because [Cole] is not entitled to relief even if we leave the heightened plain-error standard aside and simply review for abuse of discretion." Id.

## IV.

The judgment of the district court is affirmed.

_____