# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1118
_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Walter Gray

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: May 15, 2026
Filed: June 10, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

PER CURIAM.

Jeffrey Gray pleaded guilty to one count of possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and one count of sexual exploitation of a minor, 18 U.S.C. § 2251(a) and (e), in exchange for dismissal of six other counts of

completed or attempted sexual exploitation. The district court[1] applied the cross-reference to § 2G2.1 for child pornography production because it found that Gray's offense "involve[d] causing, transporting, [or] permitting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." Sentencing Tr. 22; see U.S.S.G. § 2G2.2(c)(1). Gray's Guidelines sentence was 600 months in prison. The district court sentenced him to 360 months.

Gray argues that the district court erred by applying the cross-reference. But he admitted in his plea agreement that he "knowingly employed, used, and induced minor females to engage in sexually explicit conduct for the purpose of producing visual depictions of the conduct and with an intent to arouse or gratify his sexual desire" and "then produced and/or attempted to produce visual depictions of the children engaged in such conduct." He is bound by those admissions, United States v. Early, 77 F.3d 242, 244 (8th Cir. 1996) (per curiam), which are enough to trigger the enhancement, see U.S.S.G. § 2G2.2(c)(1). We find no error. United States v. Still, 6 F.4th 812, 817 (8th Cir. 2021) (*de novo* standard of review).

Next, Gray attacks the substantive reasonableness of his sentence. He argues that the district court failed to give adequate weight to mitigating factors, including his age, his military service, his lack of a criminal history, and the time that had passed since he last took pictures of minors. See United States v. Campbell, 976 F.3d 775, 777 (8th Cir. 2020) (per curiam) (a district court abuses its discretion if it commits a clear error of judgment in weighing relevant factors). The sentencing record leaves us without any doubt that the district court was aware of these facts and carefully considered them before determining Gray's sentence. It did not abuse its discretion by giving due weight to the egregious nature of Gray's conduct, the extended period of time over which it took place, how hard it was to detect, and its lasting impact on his victims. See United States v. Carnes, 22 F.4th 743, 751 (8th Cir. 2022) ("A district court has wide latitude to assign weight to given factors, and

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

the district court may give some factors less weight than a defendant prefers or more weight to other factors, but that alone does not justify reversal." (cleaned up)).

Gray argues in a supplemental, *pro se* brief that his Guidelines sentence was improperly based on dismissed counts and facts unsupported by evidence, that the district court should not have applied a five-level enhancement under U.S.S.G. § 4B1.5(b)(1), and that his special conditions of supervised release limiting or monitoring his internet activity are "unrelated to [his] crime."[2]  None of these arguments have merit.

First, it is "well-established that conduct related to a dismissed count may be relevant conduct."  United States v. White, 447 F.3d 1029, 1032 (8th Cir. 2006). The plea agreement expressly notes that although six of the counts would be dismissed, "all relevant conduct including the conduct that supported [those] charges" would be considered by the court at sentencing.  The facts underlying Gray's sentence are well supported by the record, including his own sworn admissions.

Second, the district court did not plainly err by imposing an enhancement under § 4B1.5(b)(1) for Gray's "pattern of activity involving prohibited sexual conduct."  See United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009) (absent a timely objection, procedural sentencing errors may only be reviewed for plain error). Gray argues that the court relied on conduct associated with dropped charges, or charges that were never brought, to conclude that there was a pattern.  But the conduct that can be considered for this enhancement is not so limited.  See U.S.S.G. § 4B1.5, cmt. n.4(B)(ii) ("An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion . . . resulted in a conviction for the conduct that occurred on that occasion.").

---

[2]Although we generally do not consider *pro se* briefs when a party is represented by counsel, we granted Gray permission to file a supplemental brief and will consider the issues raised in it.  See United States v. Scales, 735 F.3d 1048, 1052 (8th Cir. 2013).

Third, the district court did not abuse its discretion by imposing special conditions limiting his internet activity. See United States v. Fonder, 719 F.3d 960, 961 (8th Cir. 2013) (standard of review). Gray argues that these conditions are inappropriate because "internet use was not part of [his] crime," but we have routinely upheld similar conditions where, as here, there is ample evidence of more than mere possession of child pornography and the condition is less than a complete ban. See, e.g., United States v. Bordman, 895 F.3d 1048, 1062 (8th Cir. 2018) ("Bordman does not dispute that he did more than merely possess child pornography; he also pleaded guilty to sexual exploitation of a child."); United States v. Perrin, 926 F.3d 1044, 1049–50 (8th Cir. 2019) ("[T]he condition was not 'a complete ban on Internet access' because it permitted the defendant 'to access the Internet as long as he obtain[ed] permission from the probation office.'" (citation omitted)).

Finally, Gray also uses his supplemental brief to criticize his lawyer. We have reviewed his allegations and conclude that this is not the exceptional case where "the district court has fully developed a record on the ineffectiveness claim," or "the result would otherwise be a plain miscarriage of justice," so we decline to address them on direct appeal. United States v. Spight, 817 F.3d 1099, 1103 (8th Cir. 2016) (citation omitted).

Affirmed.

_____