# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1559

_____

United States of America

*Plaintiff - Appellee*

v.

Ian John Duffy

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: April 15, 2026
Filed: June 22, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Ian John Duffy pled guilty to one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8); one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), (g)(9), and 924 (a)(8); and one count of possession of a national firearms destructive device not registered to the possessor, in violation of 26 U.S.C.

§§ 5841, 5861(d), and 5871. The district court[1] sentenced Duffy to a within-Guidelines sentence of 87 months' imprisonment. Duffy appeals, asserting the district court erred when it found he induced his girlfriend to purchase two handguns or, alternatively, the pair conspired to do so. See U.S.S.G. § 2K2.1(b)(5)(C) (2024).[2] We affirm.

On October 31, 2023, police responded to a home shared by Duffy and his girlfriend after receiving a report that an individual with easy access to firearms had made suicidal and homicidal remarks. At the scene, police took a report from the girlfriend and suggested she seek an order to have Duffy committed, which she was successful in obtaining. Later that day, police conducted a traffic stop and served Duffy with the order. Even though Duffy had previously been convicted of a domestic violence offense, he told the police that he had guns in the car. Officers seized five firearms from the vehicle, transported Duffy to the hospital, and charged him in state court with possession of a firearm by a prohibited person.

A few days later, Duffy's girlfriend claimed ownership of the firearms but admitted that Duffy had access to them in the home and that he had handled the firearms. Police informed her that Duffy's prior conviction prohibited him from legally possessing firearms. Notwithstanding this information, on January 19, 2024, Duffy's girlfriend purchased two Glock handguns at Duffy's behest. The guns were identical except one was teal and the other black.

A few weeks later, Duffy was convicted on the state charge and sentenced to probation. The police released the firearms that had been seized during the traffic stop to Duffy's girlfriend. The day that she picked them up, Duffy texted her, "So just come home after you get the guns and I'll bring them in." A month later, officers

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

[2]In the most recent version of the Sentencing Guidelines, the provision at issue was moved to § 2K2.1(b)(6)(C) (effective November 1, 2025).

obtained and executed a search warrant for Duffy's home and found drug paraphernalia, ammunition, and eight firearms, including a sawed-off shotgun. Duffy admitted to police that he handled the two handguns purchased in January.

At sentencing, the district court determined that Duffy's total offense level was 28 and his criminal history category was II, yielding a Sentencing Guidelines range of 87 to 108 months. The government moved for an upward variance while Duffy moved for a downward variance and objected to application of the five-level enhancement provided for in U.S.S.G. § 2K2.1(b)(5)(C) (2024). The district court overruled Duffy's objection, denied the parties' motions for a variance, and sentenced Duffy to an 87-month term of imprisonment. Duffy appeals application of § 2K2.1(b)(5)(C) to his Sentencing Guidelines range.

In evaluating whether the district court committed procedural error, we "review a district court's interpretation and application of the guidelines de novo and its factual findings for clear error." United States v. Jones, 89 F.4th 681, 684 (8th Cir. 2023). The relevant Guidelines provision states that a five-level increase is applicable if the defendant:

> (i) transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who (I) had a prior conviction for a crime of violence, controlled substance offense, or misdemeanor crime of domestic violence; . . . (ii) attempted or conspired to commit the conduct described in clause (i); or (iii) received two or more firearms as a result of inducing the conduct described in clause (i)[.]

U.S.S.G. § 2K2.1(b)(5)(C) (2024). The district court found that Duffy induced his girlfriend to purchase the black and teal Glock handguns or, alternatively, the pair conspired to do so.

Duffy concedes that his girlfriend purchased the black handgun for him but claims she purchased the teal one for herself. Duffy's girlfriend's intent is not at issue because subsection (iii) is about inducing conduct, not inducing another person's state of mind. Whether she was the intended owner of the teal firearm is also not determinative because the Guidelines refers to the defendant's "receipt of the firearms" rather than ownership. Duffy's girlfriend told police that she purchased the firearms at Duffy's direction. Further, Duffy admitted to handling the two Glock pistols despite knowing he was a prohibited person. Other than the one Glock, the couple shared the other firearms. The district court did not clearly err when it found Duffy induced his girlfriend to purchase two firearms for him.

The same is true for the district court's alternative finding under subsection (ii) that Duffy conspired with his girlfriend to commit the offense. Other than the purchase of the teal and black handguns, five firearms were released to Duffy's girlfriend after he was sentenced to probation. Duffy directed her to come home after retrieving the firearms and stated that he would bring them into their house. Duffy's girlfriend indicated that Duffy transferred the firearms from her vehicle into their house. The district court did not clearly err when it found the couple reached an agreement to obtain two or more firearms for Duffy, knowing he was prohibited from obtaining them himself.

For the foregoing reasons, we affirm the judgment of the district court.

_____