# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1613
_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Allen Patala, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: May 15, 2026
Filed: June 24, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.
_____

PER CURIAM.

Ronald Allen Patala, Jr., appeals the above-Guidelines-range sentence the district court[1] imposed after he pled guilty to possessing a stolen firearm and being a felon in possession of a firearm. Without objection by Patala, the district court

_____
[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

determined the Guidelines sentencing range to be 63 to 78 months' imprisonment. However, the district court varied upward and imposed a sentence of 120 months' imprisonment on each of the two counts of conviction, to run concurrently, followed by a 3-year term of supervised release. On appeal, Patala contends that the district court gave too much weight to his criminal history and imposed a substantively unreasonable sentence. After carefully reviewing the sentencing record and having jurisdiction under 28 U.S.C. § 1291, we affirm.

"When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." United States v. Anwar, 880 F.3d 958, 973 (8th Cir. 2018) (citation omitted). A district court abuses its discretion and imposes a substantively unreasonable sentence when it: "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Jones, 89 F.4th 681, 685-86 (8th Cir. 2023) (citation omitted). Here, the district court expressly stated that it had closely read and considered all of Patala's personal information and the presentence report. The district court further stated that it was considering Patala's mitigating factors of a "pretty tough upbringing," his sister's death, and his "terrible substance abuse problem." However, the district court was entitled to give significant weight to Patala's extensive criminal history which includes: a string of vehicle thefts and possession of a stolen vehicle; misdemeanor child abuse; assault on a peace officer with a deadly weapon; and, evading a peace officer with wanton disregard for safety. See United States v. Petersen, 22 F.4th 805, 808 (8th Cir. 2022) ("[C]ourts may vary upward based on factors already considered under the Guidelines if they determine 'the weight the Guidelines assigned to a particular factor was insufficient[.]'" (alteration in original) (citation omitted)).

In short, we find no indication that the district court improperly considered or weighed the factors. While Patala disagrees with the weight the district court gave to his criminal record, "[t]he mere fact that a court could have weighed the

sentencing factors differently does not amount to an abuse of discretion." <u>United States v. Campbell</u>, 976 F.3d 775, 778 (8th Cir. 2020) (per curiam) (citation omitted).

For the foregoing reasons, we affirm the district court.

_____